IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Charles Porter, ) | |
| ) | C/A No.: 6:08-2352-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Jonathan Charles Porter is an individual who received supplemental security income benefits based on disability as a child. Plaintiff's eligibility for benefits was reviewed when Plaintiff attained the age of eighteen. On March 8, 2004, it was determined that Plaintiff no longer was disabled as of March 1, 2004. This determination was upheld upon reconsideration. On March 29, 2007, Plaintiff also filed an application for Title II disabled adult child benefits based on the earnings record of his deceased father, Ronald E. Porter. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on May 18, 2007. On September 15, 2007, the ALJ issued a decision that, based upon a redetermination of Plaintiff's continuing eligibility for supplemental security income upon attaining age 18 under section 1614(a)(3)(H) of the Social Security Act, Plaintiff's disability ended on March 1, 2004, and Plaintiff has not become disabled again since that date. The ALJ further determined that, based on the application filed March 29, 2007, Plaintiff was not disabled under section 223(d) of the Act at any time through the date of the decision. On April 23, 2008, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the "final decision" of the

Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe. On June 2, 2009, the Magistrate Judge filed a Report of Magistrate Judge in which he determined that the ALJ (1) failed to properly analyze Plaintiff's credibility, (2) failed to properly consider the opinions of Plaintiff's treating physicians, and (3) failed to include all of Plaintiff's impairments in the hypothetical question to the vocational expert. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. On June 16, 2009, the Commissioner filed a notice that he would not file objections to the Report.

The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Therefore,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in

the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 24, 2009.